UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
JULIETTE MURDOCH,                 )
                                  )
          Plaintiff,              )
                                  )
          v.                      )     Civil Action No. 12-36 (RWR)
                                  )
ROSENBERG & ASSOCIATES, LLC,      )
et al.,                           )
                                  )
          Defendants.             )
_____)

## MEMORANDUM OPINION AND ORDER

Plaintiff Juliette Murdoch brings claims against defendants
Rosenberg & Associates, LLC ("the Firm") and its managing member
and named partner Diane Rosenberg ("the named partner") alleging
that the defendants sent her and other consumers form debt
collection notices threatening legal action before properly
verifying the creditors' claims, in violation of the federal
Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*,
the Maryland Consumer Protection Act, Md. Code Ann., Com. Law
§ 13-301 *et seq.*, the Maryland Consumer Debt Collection Act, Md.
Code Ann., Com. Law § 14-201 *et seq.*, and the District of
Columbia Consumer Protection and Procedures Act, D.C. Code § 28-
3901 *et seq.*  Both defendants have moved to dismiss for improper
venue and failure to state a claim.  The District of Columbia is
not an appropriate venue for Murdoch's claims.  However, because
the District of Maryland is an appropriate venue and a transfer

is in the interest of justice, the case will be transferred to that district.

## BACKGROUND

Murdoch owns properties in Maryland and resided in Maryland at all times relevant to this suit.  (Compl. ¶¶ 2-3.)  Murdoch entered into mortgage debts secured by her properties and later defaulted on one of those debts.  (Id. ¶¶ 12-13, 15.)  The defaulted debt was referred to the defendants for collection and foreclosure (id. ¶ 15), and they sent Murdoch a form debt collection letter (id., ¶ 16 & Ex. A).  Murdoch alleges that the letter fails to comply with applicable debt collection and consumer protection law.  (Id. ¶¶ 17-44.)  She alleges that the defendants sent the form notice to "thousands of protected consumers in the District of Columbia, Maryland, and Virginia" (id. ¶ 17), and "seeks to represent two subclasses of consumers under state consumer protection laws in Maryland and the District of Columbia" (id. ¶ 1; see also id. ¶¶ 45-57 ("Class Allegations")).

The Firm has its principal place of business in Maryland and is organized under Maryland law.  (Rosenberg & Associates, LLC's Mot. to Dismiss, Ex. 1, Declaration of Diane S. Rosenberg, Esq. ("Rosenberg Decl.") ¶ 3; see also Compl., Ex. A, Debt collection letter listing firm address in Maryland.)  In the District of Columbia, the Firm is a foreign entity authorized to

do business and has a registered agent.  (Pl.'s Mem. of P. & A.
in Opp'n to Rosenberg & Associates, LLC's Mot. to Dismiss
("Pl.'s Opp'n"), Ex. I.)  The named partner resides solely in
Maryland.  (Rosenberg Decl. ¶ 5.)

    The Firm and the named partner have each moved to dismiss
under Federal Rule of Civil Procedure 12(b)(3) for improper
venue.[1]  The Firm argues that "Murdoch's claims have no
connection whatsoever to the District of Columbia," pointing to
the facts that the named parties are all Maryland residents, the
property at issue is located in Maryland, the notice regarding
Murdoch's property and debt was sent in connection with a
foreclosure proceeding under Maryland law, and the notice was
sent directly to Murdoch in Maryland.  (Rosenberg & Associates,
LLC's Mem. of P. & A. in Supp. of Mot. to Dismiss ("Rosenberg &
Associates' Mem.") at 1.)  Although Murdoch seeks to certify a
class that includes District of Columbia residents, the Firm
maintains that "only . . . the events giving rise to the named
plaintiff's claims" are relevant "in determining whether venue
for a putative class action is proper."  (Id. at 6.)  The Firm
further argues that Murdoch's assertion that venue is proper in

---

[1] The Firm argues at length that venue is improper
(Rosenberg & Associates, LLC's Mem. of P. & A. in Supp. of Mot.
to Dismiss at 5-8), while the named partner incorporates those
arguments by reference and joins in the Firm's request that the
complaint be dismissed for improper venue (Diane Rosenberg's
Mem. of P. & A. in Supp. of Mot. to Dismiss at 2).

this district conflates personal jurisdiction with venue by
relying on the Firm's general business connections and contacts
rather than the events giving rise to Murdoch's claim.
(Rosenberg & Associates, LLC's Reply at 2.)

Murdoch alleges that venue is proper because "a substantial
part of the events and omissions giving rise to the claims
occurred in this judicial district," and because the defendants
are subject to personal jurisdiction in the District of Columbia
since they "regularly conduct[] business in this judicial
district." (Compl. ¶ 11.) Although all of the correspondence
related to Murdoch's claims was sent to her at an address in
Maryland, she alleges that debt collection notices and
threatening letters were also sent to potential class members in
the District of Columbia. (Id. ¶ 17.) Murdoch provides further
evidence of the defendants' business activities in the District
of Columbia, submitting records of their involvement in over
1,000 foreclosure proceedings and their limited power of
attorney in real property matters in the District. (Pl.'s
Opp'n, Exs. A-D, F-H.)

DISCUSSION

A court may dismiss a case where it finds venue to be
improper. Fed. R. Civ. P. 12(b)(3); see also Darby v. U.S.
Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).
Although courts must accept the plaintiff's "well-pled factual

allegations" as true, drawing all reasonable inferences from the allegations in the plaintiff's favor and resolving all factual conflicts in the plaintiff's favor, they need not treat the plaintiff's legal conclusions with similar deference. Id. at 276-77 (citing 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001)).  In this circuit, courts carefully examine challenges to venue to protect against plaintiffs manufacturing venue in the District of Columbia, Baez v. Connelly, 734 F. Supp. 2d 54, 57 (D.D.C. 2010) (citing Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993)), and may consider materials beyond the pleadings, Haley v. Astrue, 667 F. Supp. 2d 138, 140 (D.D.C. 2009).  The plaintiff bears the burden to establish that venue is proper.  Hill v. Napolitano, Civil Action No. 11-34 (RWR), 2012 WL 892633, at *2 (D.D.C. Mar. 16, 2012).  If a court finds proper venue lacking, the court "shall dismiss, or if it be in the interest of justice, transfer" the case to a proper venue.  28 U.S.C. § 1406(a). "The decision to transfer an action [under § 1406(a)] is left to the discretion of the Court."  Baez, 734 F. Supp. 2d at 58.

A civil action that may be brought in the district courts of the United States may be brought in:

> (1) a judicial district in which any defendant
> resides, if all defendants are residents of the State
> in which the district is located;

(2) a judicial district in which a substantial part of
the events or omissions giving rise to the claim
occurred . . . or
(3) if there is no district in which an action may
otherwise be brought as provided in this section, any
judicial district in which any defendant is subject to
the court's personal jurisdiction with respect to such
action.

28 U.S.C. § 1391(b).[2]  Murdoch does not argue that the first or

third alternative for establishing venue applies here, and

indeed neither of these options is available.  Venue is not

proper under § 1391(b)(1) because not all of the defendants

reside in the District of Columbia -- the named partner resides

solely in Maryland (Rosenberg Decl. ¶ 5), a fact that Murdoch

does not contest.  In addition, venue is not proper under

§ 1391(b)(3) because Murdoch "has not shown that there is no

other district in which the action could have been brought,"

Atwal v. Lawrence Livermore Nat'l Sec., LLC, 786 F. Supp. 2d

323, 327 (D.D.C. 2011).  As is discussed below, the District of

Maryland is a proper district where this federal question action

could have been brought.

The parties' dispute centers on whether "a substantial part

of the events or omissions giving rise to [Murdoch's] claim

occurred" in the District of Columbia, so as to render venue

---

[2] This section of the United States Code was recently
amended.  The amendments eliminate distinctions between cases
brought solely under diversity jurisdiction and those brought
under federal question jurisdiction and make certain stylistic
changes.  Subsection (b)(2), which governs the parties' dispute
regarding venue, has not been altered.

proper under § 1391(b)(2).  With regard to this provision, the
district in which the plaintiff brings suit need not be "the
district where the *most substantial* portion of the relevant
events occurred," but the plaintiff must "show that '*a
substantial part* of the events or omissions giving rise to the
claim occurred' in that district."  Modaressi v. Vedadi, 441 F.
Supp. 2d 51, 57 (D.D.C. 2006) (emphasis in original) (quoting
§ 1391(b)(2)).  In the D.C. Circuit, "the measure of the
contacts giving rise to where the claim arose is 'ascertained by
advertence to events having operative significance in the case,
and a commonsense appraisal of the implications of those
events[.]'"  Great Socialist People's Libyan Arab Jamahiriya v.
Miski, 496 F. Supp. 2d 137, 142 (D.D.C. 2007) (quoting Sharp
Elec. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1229
(D.C. Cir. 1981)).

     Murdoch does not dispute that the events relating to her
individual claims occurred entirely in Maryland.  Murdoch was a
resident of Maryland when she received the debt collection
notice regarding her Maryland property from a Maryland firm.
(Compl. ¶¶ 2-3, 12-13, 15-16.)  Notwithstanding that her own
claims arose in Maryland, Murdoch's argues that the defendants'
business activities in the District of Columbia, and the facts
of the prospective claims of potential class members residing in

the District of Columbia, make venue proper here.  (Pl.'s Opp'n at 13-15.)

Defendants' general business connections to the District of Columbia do not suffice to show that this district is where a substantial part of the events or omissions giving rise to the claim occurred.  Although the defendants may have conducted business transactions within this district, Murdoch still "must demonstrate that these transactions are the ones out of which [her] claim[s] arise[]."  Inter-Direct, Inc. v. Shoppers Express, Inc., Civil Action No. 90-0603 (SSH), 1990 WL 95635, at *2 (D.D.C. June 28, 1990).  The Firm is a foreign corporation authorized to do business in the District of Columbia and has a registered agent in the District, but no part of the present dispute as to Murdoch's individual claims "finds any source in [the Firm's] business transacted in the District."  Id. Defendants' general business activities would be relevant to the venue determination only if there were no other district in which this action might properly be brought.  28 U.S.C. § 1391(b)(3).  In that event, venue would be proper in any district where any defendant is determined to be subject to the court's personal jurisdiction, an inquiry that looks to the minimum contacts that a business maintains with the forum. However, § 1391(b)(3) does not apply here since the District of Maryland, where all events relevant to Murdoch's individual

claims occurred, is a district where this action properly could have been brought.  Analysis of the relevant facts under § 1391(b)(2) conforms to the general rule that "questions of personal jurisdiction and venue are distinct," Day v. Cornèr Bank (Overseas) Ltd., 789 F. Supp. 2d 150, 160 (D.D.C. 2011). Because all of the defendants' activities having operative significance in Murdoch's case took place in Maryland, venue is not proper in the District of Columbia.

Moreover, the facts giving rise to the prospective claims of potential class members residing in the District of Columbia are not relevant to determining whether venue is proper under § 1391(b)(2).  Murdoch brought her action individually and on behalf of a class that has not yet been certified.  Regardless of the status of class certification, "[t]he law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives."  Cook v. UBS Fin. Srvcs., Inc., No. 05 Civ. 8842 (SHS), 2006 WL 760284, at *6 n.2 (S.D.N.Y. Mar. 21, 2006) (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1757 (3d ed.) and United States ex rel. Sero v. Preiser, 506 F.2d 1115, 1129 (2d Cir. 1974)); see also Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 13 (D.D.C. 2003) (requiring named plaintiff to satisfy venue provision since "[i]t is . . . logical that

plaintiffs who are named as representatives of a class action be required to satisfy the venue requirements of the statute because they are the parties who have brought themselves before the court and are the persons over whom the court must have jurisdiction").  Courts accordingly focus on facts relevant to a named plaintiff's claim in determining venue and reject attempts to venture into the facts as may be relevant to prospective class members.  See, e.g., Childs v. Unified Life Ins. Co., No. CIV-09-978-M, 2010 WL 200057, at *2 (W.D. Okla. Jan. 13, 2010) (rejecting plaintiff's contention "that the putative class members reside all over the state of Oklahoma such that the case should be tried here," because "[i]t is well-settled . . . that in such situations, courts look to the allegation pertaining to the named class representative."); Turnley v. Banc of Am. Inv. Srvcs., Inc., 576 F. Supp. 2d 204, 212 (D. Mass. 2008) (finding in a putative class action suit that "each individual named plaintiff must satisfy the venue provision"); Smith v. Burlington N. Santa Fe Ry. Co., Inc., No. 06-2151-CM, 2006 WL 3192545, at *2 (D. Kan. Nov. 1, 2006) (finding venue improper where substantial part of acts giving rise to named plaintiff's claim did not occur in district and concluding that the "allegation that many of the potential members of the putative class [took relevant actions] in Kansas does not change that fact or make venue appropriate here").  Murdoch does not purport

to distinguish the preceding authority, nor does she cite contrary case law to support her position that courts may consider events giving rise to potential class members' claims to determine venue. The operative facts of Murdoch's claims alone provide no basis for venue under § 1391(b)(2).

In sum, venue is not proper in this district. Although the defendants' motions to dismiss for improper venue could be granted, the interest of justice militates in favor of transferring this case to the District of Maryland, where venue is proper under 28 U.S.C. § 1391(b)(2). "As a general matter, a transfer of the case is favored over a dismissal." Jones v. United States, 820 F. Supp. 2d 58, 61 (D.D.C. 2011); see also Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983) ("The Supreme Court has inferred a congressional purpose underlying section 1406(a) favoring the transfer of cases when procedural obstacles [such as improper venue] 'impede an expeditious and orderly adjudication . . . on the merits.'") (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)). There is no indication in the record that Murdoch would rather have her case dismissed than pursued in the transferee district.

## CONCLUSION AND ORDER

Murdoch has not shown that venue is proper here under any of the provisions of 28 U.S.C. § 1391(b). However, the defendants' motions to dismiss for improper venue will be denied

in part because the District of Maryland would be a proper venue for Murdoch's claims, and the case will be transferred there in the interest of justice under 28 U.S.C. § 1406(a).  Accordingly, it is hereby

ORDERED that the defendants' motions [9, 14] be, and hereby are, DENIED IN PART.  The Clerk is directed to transfer this case to the District of Maryland.  All remaining motions are left for decision by the transferee district court.

SIGNED this 11th day of July, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge